IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 7:08-cv-212 |
| | § | |
| 0.50 ACRES OF LAND, more or less, | § | |
| Situated in HIDALGO COUNTY, TEXAS; | § | |
| and OCTAVIO FLORES, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## UNOPPOSED MOTION BY THE UNITED STATES TO CLOSE CASE

The United States moves to close this case. Together with moving to close the case, the United States also moves to dismiss both "Unknown Heirs of Octavio Flores" and Idolina Cerda as unnecessarily-joined parties.

**Background**

On July 1, 2008, the United States filed its Complaint in Condemnation (Docket No. 1) and Declaration of Taking (Docket No. 2) for the taking of certain interests in real property identified as Tract RGV-MCS-1015. These interests were more particularly identified in Schedules "C," D," and "E" of the Complaint in Condemnation and Declaration of Taking. On July 7, 2008, the United States deposited $8,500 into the registry of the Court as estimated just compensation. This vested title to the Estate in Tract RGV-MCS-1015, as defined in the Complaint in Condemnation and Declaration of Taking, in the United States by operation of the Declaration of Taking Act, 40 U.S.C. § 3114.

On August 18, 2008, the United States filed an Agreed Motion for Order of Immediate Possession (Docket No. 5), and on that same day, the Court entered its Agreed Order granting the United States possession of Tract RGV-MCS-1015.

On January 29, 2009, Octavio Flores filed his Petition for Disbursement of Deposit (Docket No. 8). On January 30, 2009, the Court entered its Order on Disbursement of Deposit which ordered that $8,500, plus any accrued interest, should be disbursed to Octavio Flores. On February 11, 2009, the Clerk of the Court disbursed $8,539.64 to Octavio Flores.

On February 20, 2009, the Court entered its Agreed Order, (Docket No. 6), which granted the United States immediate possession of Tract RGV-MCS-1015.

On July 29, 2011, Octavio Flores died. Idolina Cerda is the independent executrix of the probate estate of Octavio Flores.

On February 12, 2013, the United States filed its Amendment to Complaint in Condemnation (Docket No. 21) and Amendment to Declaration of Taking (Docket No. 22) to (a) clarify the description of the land and accompanying plat, (b) clarify the estate being taken in order to assure landowners that water distribution and drainage systems were not being acquired, and (c) add additional parties as defendants.

On May 29, 2016, the United States and Idolina Cerda in her capacity as independent executrix for the probate estate of Octavio Flores filed their Joint Stipulation and Motion for Entry of Agreed Order Establishing Just Compensation for Tract RGV-MCS-1015. On June 15, 2016, the Court entered its Agreed Order Establishing Just Compensation for Tract RGV-MCS-1015 (Docket No. 47), which established just compensation for Tract RGV-MCS-1015 as $8,500. Because these funds had already been disbursed to Octavio Flores before his death, no further just compensation was due.

**Relief Requested**

The last remaining parties named by the United States in Schedule GG who remain in this case are (a) the Estate of Octavio Flores, (b) "Unknown Heirs of Octavio Flores," and (c) Idolina Cerda, heir of Octavio Flores.  These parties' statuses in this case should be resolved as follows:

(a) During his lifetime, Octavio Flores received all just compensation due and payable in this case, and no additional just compensation is due.  Idolina Cerda, the independent executrix of the probate estate of Octavio Flores, is unopposed to this case being closed.

(b) Because Octavio Flores received all just compensation due and payable in this case during his lifetime, "Unknown Heirs of Octavio Flores" was unnecessarily joined and should be dismissed.  Idolina Cerda is not opposed to "Unknown Heirs of Octavio Flores" being dismissed.

(c) Idolina Cerda was named in her individual capacity as an heir of Octavio Flores.  Again, because Octavio Flores received full just compensation prior to his death, Idolina Cerda was unnecessarily named and she should be dismissed.  Idolina Cerda is not opposed to being dismissed from this case.

All other parties identified by the United States in Schedule "GG" to the Amendment to Declaration of Taking (Docket No. 22-1, p. 8) as parties who may have or claim an interest in the just compensation to be paid by the United States for its taking of Tract RGV-MCS-1015 have been dismissed by the Court.

Wherefore, this matter having been concluded, the United States moves the Court to (a) dismiss "Unknown Heirs of Octavio Flores, (b) dismiss Idolina Cerda, heir of Octavio Flores, and (c) remove this case from the Court's docket as a **CLOSED CASE**.

    Respectfully submitted,

    **KENNETH MAGIDSON**
    United States Attorney
    Southern District of Texas

By:    *s/ Richard A. Kincheloe*
    **RICHARD A. KINCHELOE**
    Assistant United States Attorney
    Southern District of Texas ID No. 1132346
    Texas Bar No. 24068107
    600 E. Harrison Street, Suite 201
    Brownsville, Texas 78520
    Telephone: (956) 983-6057
    Facsimile: (956) 548-2776
    E-mail: Richard.Kincheloe@usdoj.gov

## Certificate of Service

      The undersigned certifies that he served a true and correct copy of the foregoing motion on the parties remaining in this case by first-class U.S. mail, postage prepaid, on June 23, 2016.

                                            *s/ Richard A. Kincheloe*
                                            **RICHARD A. KINCHELOE**
                                            Assistant United States Attorney

## Certificate of Conference

      The undersigned certifies that he conferred with Sonia Ochoa, counsel for Idolina Cerda, by electronic mail on June 16 & 22, 2016.  Ms. Ochoa gave the undersigned authority to contact Ms. Cerda directly concerning this motion.  The undersigned further conferred with Idolina Cerda by telephone on June 22, 2016, and Ms. Cerda represented that she is not opposed to (a) the dismissal of "Unknown Heirs of Octavio Flores, (b) the dismissal of Idolina Cerda, or (c) the closing of this case.

                                            *s/ Richard A. Kincheloe*
                                            **RICHARD A. KINCHELOE**
                                            Assistant United States Attorney